UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PAUL SUELTER, | CASE NO. 4:14-cv-03169 |
|---|---|
| Plaintiff, | |
| v. | |
| MTD PRODUCTS INC, | |
| Defendant. | |

### AGREED PROTECTIVE ORDER CONCERNING USE AND HANDLING OF CONFIDENTIAL INFORMATION AND MATERIAL

The parties to this action, by their respective attorneys, hereby stipulate to the entry by the Court of the following Protective Order:

It appearing that during the pre-trial discovery in this case there will be disclosure to counsel of certain documents, information, materials, and testimony considered by defendant to contain confidential, proprietary, and/or trade secret information. In order to allow discovery to proceed in an expeditious and productive manner and protect the confidentiality of such information, IT IS HEREBY ORDERED THAT:

1. This Protective Order governs the use, disclosure, and designation as confidential of documents, information, and testimony produced by plaintiff or defendant in this action (in discovery or at trial) including, but not limited to, any and all photographs, videotapes, documents, and/or materials, testimony, deposition testimony, deposition exhibits, discovery responses, including and/or related to, engineering part print drawings, testing, product cost, production information, internal policies/investigation procedures, field reports, product analysis and development information, design/fabrication, and other claims involving products similar to the product at issue in this case. Any such materials that constitute a trade secret or other

confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G), or otherwise considered confidential by defendant, may be designated "Confidential." Such designation shall be made as provided in paragraph 2 hereof. Documents or information so designated as "Confidential" and all copies, extracts, transcripts, compilations, and summaries thereof and information therein, without limitation, (hereinafter collectively referred to as "Confidential Information" and/or "Confidential Material") shall be used and disclosed only as permitted by paragraphs 2 through 18 hereof.

2. Either party may designate the materials which the party considers to be appropriate for designation as Confidential Information at the time such materials or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the materials or portions disclosed and sought to be protected hereunder, by the following procedure:

> In the instance of materials produced for inspection pursuant to request or subpoena that are to be designated as Confidential Information, the party producing the materials sought to be protected shall notify the inspecting party that some of the information to be produced is to be deemed "Confidential." All materials produced for inspection at a production for which such notice has been given shall be inspected only by persons qualified to have access to Confidential Information.

3. In the instance of documents or materials produced by any party that are to be designated as "confidential," the party producing the materials sought to be protected shall, at the time of such production, notify the other parties if any of the information contained in the documents or materials is designated as "confidential." All "confidential" documents or materials produced for which such notice has been given shall be inspected only by persons qualified to have access to Confidential Information.

4. Confidential Information may be given, shown, disclosed, made available, or

communicated only to:

    a.    The parties;

    b.    Counsel for the parties who have executed this Order, and the paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

    a.    Experts, investigators, and consultants qualified for access as provided in paragraph 5 below.

    d.    The Court, the jury, and court personnel.

5. Each party may qualify for access to Confidential Information independent experts, investigators, and consultants who are not employees of or affiliated with the party so long as the expert, investigator, or consultant is not an employee or consultant for any competitor of MTD Products Inc and/or its parent, subsidiaries or affiliates. Before allowing an expert or consultant to gain access to the Confidential Information, counsel shall first require the expert or consultant to execute the written acknowledgment attached hereto as Appendix A containing the information set forth therein. In the event the expert is to be utilized as an expert at litigation and is disclosed in accordance with the discovery rules or local rules of Court, a copy of the signed undertaking shall be provided to opposing counsel.

6. Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, administrative or commercial purpose or function. All Confidential Information designated hereunder shall be kept in the case files at the offices of the attorneys for the parties. Access to those files shall be permitted only to those persons set forth in paragraphs 4 and 5 of this Protective Order as persons properly having access to Confidential Information.

7. Documents containing Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, where filed with the pleadings or as evidence, shall bear the "CONFIDENTIAL" warning on their first page and on pages containing Confidential Information. Any other documents shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection. Envelopes used to seal such documents shall carry the notation: "Confidential -- This document is subject to a PROTECTIVE ORDER issued by the United States District Court for the District of Nebraska and may not be examined or copied except in compliance with that Order. *Paul Suelter v. MTD Products*, United States District Court for the District of Nebraska Case No. 4:14-cv-03169." The Clerk shall maintain such documents under seal, except that any judge or magistrate exercising responsibility in this case, and their legal, administrative, secretarial or clerical staffs, shall have access to documents under seal as necessary in adjudicating or administrating this case.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection as confidential or privileged or that a lesser form of protection than designated is appropriate.

9. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents. Defendant shall be permitted to serve a written notice of the claim of confidentiality for the unintended or

-4-

inadvertent disclosure within forty-five (45) days after defendant or defendant's counsel becomes aware that such disclosure has occurred. Plaintiff shall not be liable for or responsible for the use of the materials received by said disclosure during the period before plaintiff receives written notice.

10. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under the Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

To determine such application the court shall determine whether and to what extent the information, document or material at issue qualifies for protection under Rule 26(c)(1)(G). No presumption of confidentiality is created by virtue of the information, document, or material having been designated as "confidential" by a party or having been produced by MTD.

11. The parties further agree that the inadvertent or unintended production of any discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine and the return of same, if appropriate, shall be governed by Rule 26(b)(5)(B).

12. No person may utilize or disclose to any person, in public or in private, the Confidential Materials designated hereunder, except as set forth in this Order. This Protective Order does not apply to information and/or documents acquired other than through this proceeding; the rights of the parties in respect to this other acquired information being separately

determined.

13. Upon termination of this litigation, the originals and all copies of Confidential Materials, as well as summaries and/or notes regarding the same, shall be turned over without demand to the party or non-party who produced such material, or to its counsel. In the alternative, the originals and all copies may be destroyed by plaintiff's counsel, subject to the agreement that plaintiff's counsel will provide written documentation within 30 days of disposition of the case that all such documents and materials were destroyed.

14. Any party may seek modification of this order upon motion and for good cause shown, by alleging specific changes and specific grounds.

15. Nothing in this Order shall restrict the use or admissibility of any documents or information designated as confidential at any hearing or trial in this action.

16. Upon the final conclusion of this litigation, any and all Confidential Material which has been submitted for identification and/or into evidence at any hearing or trial in this litigation may, upon application to this Court, by counsel for the party who claimed Confidential Material treatment, be purged from the record. All parties shall have notice of and the right to oppose such an application. The final conclusion of this litigation shall be deemed to have occurred upon: (i) the date following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no longer be subject to review by or appeal to any court, or (ii) upon a voluntary discontinuance thereof.

17. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

18. This Protective Order will be in full force and effect, and is fully enforceable,

upon the date of the parties' execution below. All the provisions of the Protective Order will be effective and enforceable as of the execution date of this document by the parties.

On Consent:

_____    _____
James A. Cada                                        Daniel P. Chesire, #15029
Edward F. Hoffman                                Lamson, Dugan & Murray
Linda M. Jewson                                    Lamson, Dugan & Murray Building
Cada Cada Hoffman & Jewson            10306 Regency Parkway Drive
1024 K Street                                          Omaha, NE 68114
Lincoln, NE 68508

/s/ PETER M. YOUNG - HABUSH HARSH Counsel for Defendant MTD Products Inc
Counsel for Plaintiff Paul Suelter & ROTTIER, S.C.

IT IS SO ORDERED.

12/2/2014                                              _____
                                                              Cheryl R. Zwart, United States Magistrate

-7-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL SUELTER,<br><br>        Plaintiff,<br><br>v.<br><br>MTD PRODUCTS INC,<br><br>        Defendant. | CASE NO. 4:14-cv-03169 |

**ACKNOWLEDGEMENT OF READING
AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    1.    My full name is _____.

    2.    My address is _____.

    3.    My present employer is _____.

    4.    My present occupation or job description is _____.

    5.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

    6.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Materials disclosed to me.

    7.    I will return all Confidential Materials and all copies which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

_____              _____
Date                                                                                            (Signature)

Exhibit A